I cannot agree with either of my associates that we should strike out of the policy an exclusion which is plainly printed into it and to which attention is called by the opening paragraph on the page which sets forth the protection which is afforded by the policy.
The policy sets forth that it affords protection against nine different possible losses. Among them is to be found as Coverage C "Comprehensive". Nothing in that part of the policy interprets the word "Comprehensive" but on the next page the policy undertakes to interpret each of the coverages including that designated as "Comprehensive" and it puts the policyholder on notice that the coverage afforded is subject to "the limits of liability, exclusions, conditions and other terms of this policy." Among the exclusions is found the following: "This policy does not apply * * * to depreciation, mechanical or electrical breakdown, * * *."
If the loss sustained by the plaintiff had been shown to have been caused by either electrical or mechanical breakdown, there could have been no recovery because I see no reason why such a condition could not be written into a policy of insurance.
I see nothing ambiguous in the exclusion because while the word "Comprehensive" may ordinarily be said to mean all-inclusive, in this particular policy loss caused by mechanical or electrical breakdown is expressly excluded.
However, if the defendant intended to rely on this exclusion it was its duty to show either that all of the damage was caused by mechanical or electrical breakdown or to show what part of the damage was so caused.
For these reasons I concur in the decree. *Page 361